UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

MIGUEL ANGEL ALMARAZ,                          CASE NO.: 2:21-CV-551

    Plaintiff,

vs.

HOMETOWN VENTURES LLC d/b/a
MAXX FOODS 2,
SOHIL JIVANI, and
MANISHA JIVANI,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Miguel Angel Almaraz, sues Defendants, Hometown Ventures LLC d/b/a Maxx Foods 2, Sohil Jivani, and Manisha Jivani, as follows:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Miguel Angel Almaraz**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.     Plaintiff was a non-exempt employee of Defendants.

3.     Plaintiff consents to join in this lawsuit.

4.     **Defendant, Hometown Ventures LLC**, is a for profit Florida limited liability corporation that is *sui juris* and has operated its business here, in Naples, Collier County, Florida, at all times material. It operates as Maxx Foods 2, a fictitious name registered with the State of Florida.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

5. **Defendant, Sohil Jivani**, was and is an officer, manager, director and/or owner, who had operational control over the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, hired and/or fired Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

6. **Defendant, Manisha Jivani**, was and is an officer, manager, director and/or owner, who had operational control over the corporate Defendant for the relevant time period. She also ran its day-to-day operations, had supervisory authority over Plaintiff, hired and/or fired Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. Both Defendants employed Plaintiff.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, as Plaintiff's principal claim for relief arises from a federal statute, namely the Fair Labor Standards Act of 1938 (as amended), 29 U.S.C. §203 et seq. (the "FLSA").

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because Defendants transact business in Miami-Dade County, maintain their office and principal place of business and/or live in Miami-Dade County, and also employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

### *Common Background Factual Allegations*

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

12. In particular, Defendants own and operate a grocery store where they sell meats, produce, fruits, vegetables, chips, seasoning, detergents, beers, coffee, soda, paper goods, plastic wear, goods, and supplies that previously traveled in interstate commerce.

13. Defendants have been at all times an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, and sale of foodstuffs, baked goods, and products that have moved through interstate commerce.

14. Defendants cooked, prepared, and stored perishables while using machinery, appliances, refrigeration goods, freezers, supplies and materials that also have moved through interstate commerce.

15. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and routinely use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or more than $125,000 for each relevant annual fiscal quarter.

17. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

18. In particular, Plaintiff worked for Defendants in the bakery making Mexican bread.

19. Plaintiff's work involved handling and mixing food, ingredients, flour, baking soda, and other food-grade ingredients that traveled through interstate commerce prior to his using them

3

in his baking process. Afterwards, the finished baking products would be placed into the stream of interstate commerce.

20. Defendants agreed to pay Plaintiff at a salary of $900 per week, regardless of the hours that he worked.

21. Plaintiff worked for Defendants from approximately 2007 or 2008 to May 3, 2021.

22. To the extent that records exist regarding the exact dates and times of Plaintiff's employment, as well as the records of payment for same, such records are in the exclusive custody of Defendants.

23. Plaintiff routinely worked more than 40 hours per week hours for Defendants.

24. Although Defendants knew and/or reasonably should have known that Plaintiff worked more than 40 hours per week, Defendants did not pay Plaintiff overtime pay calculated at one and one-half times his regular rate of pay for the overtime hours he worked.

25. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for all overtime hours worked violated the Federal Wages Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the over time pay earned.

26. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorney's fees and costs.

27. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

28. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

WHEREFORE Plaintiff, Miguel Angel Almaraz, demands the entry of a judgment in his favor and against Defendants, Hometown Ventures LLC d/b/a Maxx Foods 2, Sohil Jivani, and Manisha Jivani, jointly and severally, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Miguel Angel Almaraz, demands a trial by jury of all issues so triable.

Dated this 21st day of July 2021.

                                  Respectfully Submitted,

                                  s/Brian H. Pollock, Esq.
                                  Brian H. Pollock, Esq.
                                  Fla. Bar No. 174742
                                  brian@fairlawattorney.com
                                  FAIRLAW FIRM
                                  *Counsel for Plaintiff*
                                  135 San Lorenzo Avenue
                                  Suite 770
                                  Coral Gables, FL 33146
                                  Tel:    305.230.4884

6

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*