UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANGEL ALMARAZ,

       Plaintiff,                          Case No.: 2:21-cv-00551-JLB-NPM

       v.

HOMETOWN VENTURES, LLC D/B/A MAXX
FOODS 2; SOHIL JIVANI; and MANISHA JIVANI,

       Defendants.
_____/

### DEFENDANT'S UNOPPOSED MOTION TO QUASH SERVICE AND VACATE CLERK'S DEFAULT AND INCORPORATED MEMORANDUM OF LAW

       Defendant, MANISHA JIVANI ("Ms. Jivani"), by and through her undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(5) and Local Rule 3.01, files this Unopposed Motion to Quash Service and Vacate Clerk's Default, and in support thereof states:

       1.     This original Complaint in this action was filed on July 1, 2021.  [Doc. 1].

       2.     An Amended Complaint was filed on July 26, 2021.

       3.     On August 25, 2021, Plaintiff filed a verified return of service, wherein the process server indicated he served Ms. Jivani with the Amended Complaint and Summons on August 23, 2021 via substitute service.  [Doc. 10-1].  More specifically,

the process server indicated he served Rosa Zapa as co-resident of Ms. Jivani at 232 Edgemere Way East, Naples, Florida 34105.  [Doc. 10-1].

4.      Based on the service date of August 23, 2021, Ms. Jivani's response was due on or before September 13, 2021.  When Ms. Jivani did not timely answer, Plaintiff filed a Motion for Entry Clerk's Default, which was granted on September 15, 2021.  [Doc 11, 12].  A Clerk's Default was entered on September 16, 2021.  [Doc. 13].

5.      However, the Clerk's Default was based on improper service of process and should be vacated.

6.      More specifically, although 232 Edgemere Way East is Ms. Jivani's residence, substitute service via Ms. Zapa was not proper, as Ms. Zapa is Ms. Jivani's housekeeper and does not reside in Ms. Jivani's home.  See Declaration of Manisha Jivani, attached hereto Exhibit A, ¶4.

7.      Although Ms. Zapa was served with the Amended Complaint, she did not promptly bring Ms. Jivani's attention to it, and Ms. Jivani only learned of the Amended Complaint late in the day on September 15, 2021.  Ex. A, ¶5.  Immediately upon learning of the Amended Complaint, Ms. Jivani's husband, Sohil Jivani, contacted undersigned counsel for representation.  Ex. A, ¶5.

8.      Upon being retained to represent the Defendants in this matter, including Ms. Jivani, undersigned counsel contacted Plaintiff's counsel regarding the service of process and Ms. Jivani's intent to move to vacate the default, and to inquire as to whether Plaintiff would oppose such a motion.  Plaintiff's counsel indicated Plaintiff would not oppose the motion to vacate.

WHEREFORE, for the foregoing reasons, Defendant MANISHA JIVANI respectfully requests this Court enter an Order quashing service of process and vacating the Clerk's Default.

<u>MEMORANDUM OF LAW</u>

Ms. Jivani moves to quash service of process and to vacate the Clerk's Default because service on Graham was improper. More specifically, Ms. Jivani was purportedly substitute-served by virtue of her housekeeper, Rosa Zapa, being served with process; however, Ms. Zapa does not reside and has never resided at Ms. Jivani's residence. Because service was improper, service should be quashed and the Clerk's Default should be vacated.

Federal Rule 4(e) provides in relevant part that "an individual … may be served in a judicial district of the United Stated by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" Under Florida law, service is properly effected by delivering a copy of the complaint and summons to any person residing at the individual's usual place of abode who is 15 years of age or older. Fla. Stat. § 48.031. Here, the return of service states that the process server substitute-served Ms. Jivani by serving "co-resident" Rosa Zapa at 232 Edgemere Way East, Naples, Florida 34105. However, as indicated on the sworn declaration, Ms. Zapa does not and has never resided at 232 Edgemere Way East, Naples, Florida 34105. As a result, service was improper and should be quashed.

Additionally, a court "may set aside an entry of default for good cause." <u>Wright v. Ashton,</u> 2018 WL 1466396, at *2 (M.D. Fla. Mar. 26, 2018) (quoting Fed. R. Civ.

P. 55(c).  Defaults are disfavored based on the strong policy in favor of determining cases on their merits. Fla. Physicians Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11ᵗʰ Cir.1993). Thus, to obtain relief under Rule 55(c), a movant must only make a "bare minimum showing" in support of its claim for relief. Jones v. Harrell, 858 F.2d 667, 669 (11th Cir.1988).

Here, good cause exists because Ms. Jivani was not properly served with the Amended Complaint. See Brown v. Fla., 2013 WL 869534, at *3 (M.D. Fla. Mar. 7, 2013) (granting motion to vacate clerk's default against on the basis of improper service of process).  Additionally, Ms. Jivani otherwise has good cause for vacating the Clerk's default in that: (1) the default was not willful; (2) vacating the default would not prejudice Plaintiff because the case is in its early stages, and Plaintiff does not oppose vacating the default; and (3) Ms. Jivani acted promptly to correct the default.

For all the foregoing reasons, the Clerk's Default should be vacated.

## CERTIFICATE OF GOOD FAITH

Pursuant to Local Rule 3.01(g), undersigned counsel for Defendant certifies that she conferred with counsel for Plaintiff, and Plaintiff's counsel has no objection to the requested extension.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the __20th__ day of September, 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  Brian H. Pollock, FAIRLAW FIRM, 135 San Lorenzo Avenue, Suite 770, Miami, FL   33146 (brian@fairlawattorney.com).

BOY AGNEW POTANOVIC
Trial Attorneys for Defendant
4415 Metro Parkway, Suite 110
Fort Myers, Florida 33916
239-208-6515 (telephone)
239-208-6511 (facsimile)
Email: suzanne@bapfirm.com
Email: service@bapfirm.com

By: */s/ Suzanne M. Boy*
    Suzanne M. Boy (Lead Counsel)
    Florida Bar No. 35400