UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL ANGEL ALMARAZ,

      Plaintiff,

v.                               Case No.:  2:21-cv-551-JLB-NPM

HOMETOWN VENTURES LLC,
SOHIL JIVANI and MANISHA
JIVANI,

      Defendants.

---

## FLSA FAST-TRACK SCHEDULING ORDER

Consistent with the just, speedy, and inexpensive administration of justice and pursuant to Rule 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of a case brought under the Fair Labor Standards Act ("FLSA"). All parties **must** comply immediately with Rule 7.1 and Local Rule 3.03 to file a Disclosure Statement using the form available on the presiding judge's webpage.

It is **ORDERED** that <u>all</u>[1] discovery is **STAYED** pending compliance with the following deadlines:

1.      By **October 23, 2021**, the parties shall serve upon each other (but not file) copies of the following:

---

[1] The stay encompasses the requirements for Rule 26(a)(1)'s initial disclosures, a Rule 26(f) discovery conference, and the filing of a Local Rule 3.02(a) case management report. The parties are free to stipulate to exchanging Rule 26(a)(1) initial disclosures on their own.

<u>Plaintiff</u>:[2] All documents in Plaintiff's possession, custody or control that pertain to the unpaid wages claimed in the Complaint.

<u>Defendant</u>: All time sheets and payroll records in Defendant's possession, custody or control that pertain to work performed by Plaintiff during the time period for which Plaintiff claims unpaid wages.

2.     By **November 22, 2021**, Plaintiff shall serve **VERIFIED** answers to the Court's Interrogatories available on the presiding judge's webpage and file the answers with the Court entitled "Notice of Filing Answers to Court's Interrogatories."

3.     In collective actions, an exchange of documents as referenced in Paragraph 1 shall occur with respect to opt-in Plaintiffs within **FOURTEEN (14) DAYS** of their filing of opt-in notices with this Court, and all opt-in Plaintiffs shall thereafter file and serve their **VERIFIED** answers to the Court's Interrogatories within **TWENTY-ONE (21) DAYS** of filing an opt-in notice with the Court.

4.     By **December 22, 2021,** the parties shall file any motions to add or join parties, or amend the pleadings.

5.     This action is **REFERRED** to mediation. The mediation must be conducted as outlined in this Order and pursuant to Chapter 4 of the Local Rules as follows:

a. *Scheduling Mediation*: The parties must mediate no later than **January 21, 2022**. Neither party may cancel or reschedule a

---

[2] "Plaintiff" includes any opt-in plaintiffs who consented to join the action by the date of this Scheduling Order. If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant shall include the plural.

mediation conference without the Court's permission. Motions to extend the mediation deadline are strongly disfavored and will be granted only in extraordinary circumstances. Unless otherwise agreed, the parties must bear the mediation expenses equally and pay immediately after the mediation.

b. *General Rules on Mediation*: (1) The parties must designate a mediator and indicate whether the mediator is certified; (2) The parties must establish a mediation deadline as outlined above; (3) Lead counsel must confirm a mediation date agreeable to the mediator, and the parties must notify the presiding judge of the date by filing a Notice of Mediation at least **FOURTEEN (14) DAYS** before the mediation conference; (4) Lead counsel, the parties, or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative must attend mediation; (5) Any unexcused absence or departure from mediation is sanctionable; (6) The mediator must report the result of the mediation and whether all required persons attended mediation within **SEVEN (7) DAYS** of the mediation taking place; and (7) The substance of the mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without approval of the Court may disclose any event, including any statement confirming or denying a fact – except settlement – that

occurs during the mediation.

6.    Within **SEVEN (7) DAYS** after concluding the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether:

> i.    the parties reached a settlement;
>
> ii.   the parties wish to extend the deadline to file a Case Management Report and Notice of a Related Action for **thirty (30) additional days** to complete settlement discussions;
>
> iii.  a party requests a settlement conference before a United States Magistrate Judge who, upon the consent of the parties, shall have the authority to approve the settlement or otherwise terminate this action; or
>
> iv.   the parties have exhausted all settlement efforts.

7.    If the case does not settle, then the parties must file—within **SEVEN (7) DAYS** of the mediation—the FLSA Fast-Track Case Management Report available on the presiding judge's webpage. Upon filing the Case Management Report, the discovery stay expires.  After reviewing the Fast-Track Case Management Report, the Court will hold a preliminary pretrial conference. Lead counsel must appear in person and be prepared to discuss the claims, defenses, and any unique aspects of the case. This case will be set for trial about eight months after the mediation conference.

8.    Should the parties resolve the dispute at any later time, then they shall immediately file an appropriate paper to terminate this action.[3]

---

[3] For more specific preferences or requirements, see the presiding judge's webpage.

9.     At any time, the parties may consent to proceed—for all purposes—before the assigned Magistrate Judge by filing an AO 85 form available on the Court's website.

**DONE** and **ORDERED** in Fort Myers, Florida on this **23rd day of September 2021**.


JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE